IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DR. DOLIA PATTERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:08-CV-2045-VEH |
| | ) ▇▇▇▇▇▇▇ |
| TALLADEGA CITY BOARD OF | ) REDACTED |
| EDUCATION, | ) |
| | ) |
| Defendant. | ) |

---

**MEMORANDUM OPINION AND ORDER**

**I.   Introduction**

Pending before the court is Defendant's Motion to Enforce Settlement and/or for Appropriate Relief (Doc. 12) (the "Motion to Enforce") filed under seal on October 15, 2009. Plaintiff filed her response (Doc. 20) under seal on November 9, 2009. This court held a hearing on the Motion to Enforce on Thursday, November 19, 2009, at 3:30 p.m.

**II.   Standard**

In *Hayes v. National Service Industries*, 196 F.3d 1252 (11th Cir. 1999), the Eleventh Circuit set forth the following standard governing its review of an order enforcing a settlement agreement in a Title VII case arising in Georgia:

> We must determine whether the trial judge abused his discretion in deciding to enforce the settlement agreement. *Brooks v. Georgia State Bd. of Elections*, 59 F.3d 1114, 1119 (11th Cir.1995). In general, the law of contracts governs the construction and enforcement of settlement agreements. *Blum v. Morgan Guaranty Trust Co. of New York*, 709 F.2d 1463 (11th Cir.1983). We also refer to state law principles when reviewing the scope of an attorney's authority to enter into a settlement agreement. *Glazer v. J.C. Bradford and Co.*, 616 F.2d 167, 168 (5th Cir.1980) (enforcing settlement agreement as to brokerage commissions where attorney had apparent authority under Georgia law to enter into binding agreement on behalf of client).

*Hayes*, 196 F.3d at 1254 (footnotes omitted).

Alabama Code § 34-3-21 (1975) governs the authority of attorneys to bind clients and states: "An attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court." *Id.*

In *Alexander v. Burch*, 968 So. 2d 992 (Ala. 2006), the Supreme Court of Alabama set forth the following summary regarding an attorney's settlement authority:

> In *Warner v. Pony Express Courier Corp.*, 675 So. 2d 1317, 1320 (Ala. Civ. App. 1996), the Court of Civil Appeals accurately summarized the caselaw on point as to this issue:
>
>> In *Hawk v. Biggio*, 372 So. 2d 303 (Ala.1979), a party argued that the evidence failed to show that his attorney had the authority to agree to a settlement. The trial court concluded that § 34-3-21, Ala. Code 1975, gave an attorney the authority, as a matter of law, to make a

2

settlement for his client. That section provides:

> An attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court.

The supreme court reversed, holding that § 34-3-21 was not dispositive of the issue. <u>Instead, the court concluded, it is always a question of fact whether an attorney has the authority to make a settlement on behalf of his client.</u> [O]ur cases have consistently held that whether an attorney has authority to bind his client by an agreement to settle the case by consent is a question of fact. *Blackwell v. Adams*, 467 So. 2d 680, 684 (Ala. 1985).

<u>An attorney may not consent to a final disposition of his client's case without express authority.</u> Although an attorney of record is presumed to have his client's authority to compromise and settle litigation, a judgment entered upon an agreement by the attorney may be set aside on affirmative proof that the attorney had no right to consent to its entry. *Blackwell v. Adams*, 467 So. 2d at 684-85 (quoting *Bradford Exchange v. Trein's Exchange*, 600 F.2d 99, 102 (7th Cir. 1979)). <u>[A]n attorney in this state may not compromise his client's cause of action except on the express authority of the client.</u> *K.P. v. Reed*, 626 So. 2d 1241, 1242-43 (Ala. 1992).

In *Daniel v. Scott*, 455 So. 2d 30 (Ala. Civ. App. 1984), this court summarized the appropriate law of Alabama upon the power of an attorney to compromise his client's claim, as follows:

> An attorney cannot settle a client's action or claim or prejudice a client's rights without

> authorization from the client. The power to compromise a demand does not arise from the power to sue or from an attorney's general authority which is usually limited in both duty and authority to the vigilant prosecution or defense of the rights of the client. <u>The authority to settle is not incidental, but it is essential that an attorney have express, special authority from his client to do so</u>. A person dealing with an attorney must ascertain the extent of the attorney's authority to compromise the client's claim. <u>An attorney employed to represent a litigant in the prosecution or defense of a suit is a special agent of his client and has no implied or inherent authority or right to compromise and settle it</u>. An agent's apparent authority must be founded upon the conduct of the principal and not upon the conduct of the agent.
>
> *Daniel v. Scott*, 455 So. 2d at 32-33 (quoting *Crawford v. Tucker*, 258 Ala. 658, 663, 64 So. 2d 411, 416 (1953)).
>
> *See also Goodwyn, Mills & Cawood, Inc. v. Markel Ins. Co.*, 911 So. 2d 1044, 1049 (Ala. 2004); and *Roberson v. State ex rel. Smith*, 842 So. 2d 709, 711-12 (Ala. Civ. App. 2002).

*Burch*, 968 So. 2d at 996-97 (emphasis added) (internal quotations omitted).

### III. Analysis

The focus of the hearing held on November 19, 2009, was limited to the scope of authority that Plaintiff gave to her former counsel to settle her case. In particular, the only witnesses that testified in open court were Plaintiff and two of her three

4

former attorneys. However, the court does not reach this authority issue because Defendant's Motion to Enforce is deficient for reasons discussed below.

Specifically, the Defendant has failed to aver much less introduce evidence establishing that <u>counsel for Defendant</u> had the authority to settle Patterson's case under the specific terms set forth in the settlement agreement. While defense counsel states in his affidavit that he "met with the Superintendent and individual Board members in Talladega [prior to September 25, 2009] to discuss the possibility of settlement and to prepare for their depositions" (Doc. 12-2 ¶ 6), and that, on October 8, 2009, <u>after</u> he finalized the settlement agreement and had it delivered at about 4:20 p.m. to counsel for Plaintiff, he "then proceeded to call the Superintendent and all of the Board members to advise them that the case was settled for ████████, and that ██████████████████████████████████" (Doc. 12-2 ¶ 18), nowhere does he state that he had authority to settle on the terms set out in the settlement agreement, nor does he state that the Superintendent and the individual board members subsequently approved the terms of the settlement agreement.

Indeed, the only evidence that this court was able to locate in the record regarding the scope of settlement authority provided to Defendant's lawyer appeared in correspondence to opposing counsel. For example, in a letter dated October 7, 2009, defense counsel states "If we reach a settlement, <u>it will have to be approved at</u>

5

a Board meeting." (Doc. 12-2 at Ex. B at 1 (emphasis added)). Consequently, this correspondence indicates that, as of October 7, 2009, Defendant still had not approved the purported settlement, and that defense counsel lacked authority to bind Defendant because in order for the contract to be enforceable, it would have to be approved at a board meeting. *Cf. Moore v. Beaufort County, N.C.*, 936 F.2d 159, 164 (4th Cir. 1991) ("He[, *i.e.* counsel] never indicated that the settlement offer was contingent upon final acceptance by the Board."); *id.* ("Indeed, the signature block on the final consent order provided space for Mr. Crowell's signature, but not for those of the Board members.").[1]

Further, in a subsequent letter dated October 8, 2009, enclosing the final version of the settlement agreement, defense counsel again indicates that a meeting of Defendant is necessary to approve the settlement: "Please have Dr. Patterson sign the agreement and return it to me so that I can schedule a Board meeting." (Doc. 12-2 at Ex. C at 1 (emphasis added)).

"Enforcement of a settlement agreement involves two distinct inquiries. First, the court should ascertain whether the parties have in fact agreed to settle the case. Once the court determines that the parties have agreed to settle the case, then the

---

[1] In this instance, the only signature block included on the various versions of the draft settlement agreement pertained to Plaintiff. (*See, e.g.*, Doc. 12-2 at Ex. C at 9).

court must discern the terms of that settlement." *Moore*, 936 F.2d at 162.[2]

Based upon the current record, the court is not persuaded that "the parties have in fact agreed to settle the case." More specifically, the court is concerned that Defendant is asking it to enforce a settlement agreement which it did not approve before Plaintiff's rejection of the settlement, which rejection was communicated "[a]t about 5:30 p.m." on October 8, 2009. (Doc. 12-2 ¶ 20). For example, Defendant has not stated, much less offered any proof, that Defendant gave its counsel complete settlement authority or alternatively accepted the negotiated settlement terms.

The court acknowledges that such an approval or authority to settle does not necessarily need to be in writing or require a formal vote. As the Eleventh Circuit explained in *Allen v. Alabama State Bd. of Educ.*, 816 F.2d 575 (11th Cir. 1987):

> This case presents us with this question: whether the eleventh amendment or principles of federalism preclude a federal court from enforcing a settlement agreement in a Title VII case in which a state Board of Education is defendant <u>where Board members expressly authorized the Board's lawyer to advise the court that a settlement had been reached, but no one signed the agreement on the Board's behalf, and no formal vote was taken by the Board</u>. The district court believed that a signed writing was necessary and declined to enforce the settlement agreement. <u>In the circumstances, we disagree and reverse.</u>

---

[2] In *Moore*, the record posed no ambiguity about the movants/plaintiffs' acceptance of the settlement agreement as their counsel had signed the document on their behalf. *Id.*, 937 F.2d at 162 ("The court also properly determined that the terms of the settlement were those set forth in the document signed by Ms. Winner on May 1, 1989.").

. . .

>Not only did the individual board members make no objection when the presiding officer authorized the board's attorney to settle, but the testimony before the district court indicated that they believed at the end of the meeting that they had approved the settlement. The fact that the board later changed its mind after unfavorable publicity does not change the fact that it had already approved the settlement and that the Board's attorney, with their consent, had notified the court of the settlement.
>
>Although the validity of the settlement is a matter of federal law, the Board of Education of the State of Alabama is a creature of state law and derives its only capacity to act-respecting settlement agreements or otherwise-from state law. Consequently, it is important that in the instant case the parties have presented no rule of Alabama law (constitutional, statutory, judicial, or administrative) requiring particular formalities to be observed by the Board of Education before their decisions become final and effective. *Cf.* O.C.G.A. sec. 36-10-1 (1982) (all contracts entered into by county governments to be in writing and entered on minutes). While we might adhere to such state-made formalities concerning state board actions, we will not create these restraints where the state has not done so.

*Allen*, 816 F.2d at 576, 577 (emphasis added).

The court has studied the Alabama Code sections applicable to city boards of education such as Defendant, and finds no requirement that all contracts must be in writing. Ala. Code §§ 16-11-1 - 16-11-27 (provisions governing city board of education); *cf.* Ala. Code § 11-47-5 ("Contracts entered into by a municipality shall be in writing, signed and executed in the name of the city or town by the officers

8

authorized to make the same and by the party contracting.") (emphasis added). However, the factual existence of Defendant's approval of or the extent of authority bestowed upon its counsel to negotiate a settlement on its behalf must be clear from the record, and here it is not. *Cf. Moore*, 936 F.2d at 163 ("The district court found that the Board authorized Crowell to settle the case during a meeting in executive session on April 18, 1989.") (emphasis added); *id.* ("The Board had publicly announced prior to the meeting that they planned to resolve the lawsuit.").

Instead, multiple communications from defense counsel expressly conditioned any enforceable settlement upon Defendant's approval of it at a board meeting, and therefore it was just an offer to make an offer and Plaintiff could rescind or pull back her "acceptance" (assuming it was authorized) until such time that Defendant had voted to approve the settlement agreement. Furthermore, while the court appreciates that the evidence establishing Defendant's agreement to settle the case or alternatively, its counsel's authority to do so as its agent, may very well exist, this court's finding of such facts in the absence of record evidence would constitute improper speculation.

### IV. Conclusion

Accordingly, the Motion to Enforce is **DENIED**. Also, the clerk is **DIRECTED** to file this memorandum opinion and order under seal.

9

**DONE** and **ORDERED** this the 2nd day of December, 2009.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge